**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4209

CHARLES DUWAYNE JUSTESEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-238)

Submitted: August 31, 1999

Decided: October 12, 1999

Before ERVIN* and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, L. Patrick

_____
*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Duwayne Justesen was convicted by a jury on a charge of taking in excess of $1000 belonging to the United States, in violation of 18 U.S.C. § 641 (1994). The charge in question arose from Justesen's commingling of funds from the Hayti Contract Postal Station, which he managed, with funds for the maintenance and expenses of Heritage Square Shopping Center, where the Postal Station was located. On appeal, Justesen challenges the district court's refusal to define "property of the United States" as used in § 641 for the jury and the exclusion of certain evidence.

Justesen's proposed jury instructions defining the phrase "property of the United States" were two pages long and contained many different "if-then" scenarios for the jury to consider. The trial court rejected these instructions and informed the jury that it had to find "that the money described in the indictment belonged to  the United States." (emphasis added).

We find that Justesen's proposed instructions were confusing and did not accurately state the law. Moreover, the court was not required to further elaborate on the meaning of "property of" or "belonged to," as the phrases have a commonly understood meaning. See United States v. Hall, 93 F.3d 126, 131 (4th Cir. 1996) ("An appellate court only burdens the conduct of a trial when it requires the elaboration of statutory elements which are already self-explanatory."). Because Justesen has cited no authority requiring a definition of "property of the United States" under § 641 and because the words are used in

2

their everyday meaning, we hold that no further instruction was required. See United States v. Maisel, 12 F.3d 423, 425 (4th Cir. 1993) (declining to define "serious interference" under § 641).

With regard to Justesen's claim that evidence was improperly excluded, we have carefully reviewed the record, the briefs, and the district court's decision on Justesen's motion for a new trial, which raised the same arguments. We find no reversible error, and accordingly, we reject this claim based on the reasoning of the district court. (See J.A. at 429-37).

For the foregoing reasons, we affirm Justesen's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3